**Ronnie James CURTIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 2–81–075–CR.**

Court of Appeals of Texas,
Fort Worth.

Feb. 24, 1982.

Harry L. Williams, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and James J. Heinemann, Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

RICHARD L. BROWN, Justice.

Appellant, Curtis, was tried before a jury for the offense of aggravated rape. He was convicted and his punishment was set by the jury at forty-five years confinement in the Texas Department of Corrections. From this conviction, appellant has brought appeal.

We affirm.

By his first ground of error, appellant contends that the trial court erred in allowing into evidence the playing of a tape recording of the conversation of the injured party and the police dispatcher.

The record discloses that the complainant, who had been receiving harassing calls, had installed on her phone a device that permitted her to dial the number "2" and be immediately connected with the Fort Worth Police Dispatcher. Alarmed by noises, the complainant dialed the number "2" and the police recorded the entire criminal episode which is the subject of this cause. The tape was played at the trial.

By his counsel, appellant, made a number of objections to the introduction of the police tape recording, among them "bolstering" of the testimony of the complainant and this is the ground of error now urged on appeal.

This was the contention of the appellant in *Saunders v. State*, 572 S.W.2d 944 (Tex. Cr.App.1978). " 'It is now almost universally held that sound recordings relative to otherwise competent evidence are admissible provided a proper foundation has been laid for their admission.' " *Saunders v. State, supra,* page 952.

Moreover, admission of tape recordings is discretionary with the trial court. *Schwartz v. State,* 158 Tex.Cr.R. 171, 246 S.W.2d 174 (1952).

Ground of error number one is overruled.

By his second ground of error, appellant urges that the trial court erred in allowing the complainant to testify on redirect examination that the harassing telephone calls stopped after the date of the offense and the arrest of the appellant. The record clearly reveals that the testimony was invited by questions asked by appellant's counsel and answers thereto elicited from the complainant on cross-examination. However, the testimony was objected to as "irrelevant and immaterial." "An objection to admission of evidence must be specific and must state grounds of the objection." *Hinkle v. State,* 442 S.W.2d 728, 732 (Tex. Cr.App.1969).

Ground of error number two is overruled.

The judgment of the trial court is affirmed.